# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAURICE JACKSON,** | : | |
| | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | **NO.  16-0174** |
| **TOM MCGINLEY, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## <u>ORDER</u>

**AND NOW**, this 15th day of May, 2020, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1), the Supplemental Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Hey (Doc. No. 61), Petitioner's Objections to the Supplemental R&R (Doc. No. 65), and Respondents' Response (Doc. No. 66) I find as follows:

1. On August 1, 2008, a jury found Petitioner guilty of first-degree murder, firearms not to be carried without a license, and possession of an instrument of crime.  The convictions arose from an incident on May 29, 2007, during which Petitioner shot at the victim four times, as the victim fled, ultimately hitting him in the back and killing him.  On October 17, 2008, Petitioner was sentenced to an aggregate term of life in prison.

2. Petitioner timely filed a direct appeal asserting that the evidence was insufficient to sustain his conviction and that the verdicts were against the weight of the evidence.  The Pennsylvania Superior Court affirmed the verdict on March 17, 2011, finding sufficient evidence of Petitioner's intent to kill.  On July 12, 2011, the Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal.

3. Petitioner filed a timely *pro se* petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541–9551, setting forth claims of ineffective assistance

of both trial and appellate counsel, as well as claims of trial court error.  On November 27, 2013, the court appointed counsel who filed an amended PCRA petition alleging modified claims of ineffective assistance of trial and appellate counsel.  The PCRA court dismissed the petition without a hearing.  The Superior Court affirmed on August 31, 2015.  Although Petitioner's first request for allowance of appeal to the Pennsylvania Supreme Court was denied as untimely, he filed a second PCRA petition seeking leave to petition for allowance of appeal *nunc pro tunc*.  That petition was granted and Petitioner filed his subsequent petition for allowance of appeal, which the Pennsylvania Supreme Court denied on September 13, 2016.

4.  On January 4, 2016, during the pendency of his second PCRA petition, Petitioner filed the present *pro se* federal habeas petition setting forth four grounds for relief:  (1) ineffective assistance of PCRA counsel for abandoning an ineffectiveness claim premised on trial counsel's failure to meet with Petitioner prior to trial to devise a defense strategy; (2) ineffective assistance of trial counsel for failing to meet with Petitioner prior to trial to discuss defense trial strategy; (3) insufficient evidence to support a first-degree murder conviction; and (4) trial court error for failing to grant a mistrial following instances of prosecutorial misconduct.

5.  On April 18, 2017, United States Magistrate Judge Elizabeth Hey issued an R&R finding that:  (a) Petitioner's claim of PCRA counsel ineffectiveness is not cognizable as a stand-alone claim; (b) Petitioner's claim of ineffective assistance of trial counsel is procedurally defaulted; (c) Petitioner's claim of insufficient evidence is meritless; and (d) Petitioner's claim of trial court error is both procedurally defaulted and meritless.

6.  Petitioner timely filed objections on June 1, 2017.  I sustained Petitioner's objection on his claim of ineffective assistance of trial counsel for failing to discuss a plea bargain with him

until just hours prior to trial.  Specifically, I noted that there was an insufficient record on which to determine whether trial counsel had provided Petitioner with "enough information 'to make a reasonably informed decision whether to accept a plea offer.'" Jackson, 2018 WL 347573, at *3 (citing U.S. v. Bui, 795 F.3d 363, 366 (3d Cir. 2015) (quoting Shotts v. Wetzel, 724 F.3d 364, 376 (3d Cir. 2013)).  Although I remanded to Judge Hey for further proceedings on this issue, I denied his objections on all other grounds.

7. On remand, Judge Hey appointed counsel, received additional briefing from the parties, and conducted an evidentiary hearing on this sole remaining claim.

8. On May 31, 2019, Judge Hey filed a Supplemental Report and Recommendation ("Supplemental R&R") denying Petitioner's claim that trial counsel was ineffective for failing to timely discuss a plea bargain with him.  She remarked that the claim was procedurally defaulted and that the default was not excused under Martinez v. Ryan, 566 U.S. 1 (2012) because neither PCRA counsel nor trial counsel were ineffective.

9. Petitioner filed new objections, and Respondents filed a response.

## LEGAL STANDARDS

10. Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a *de novo* review of those portions of the report to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

**DISCUSSION**

11. Without disputing that his claim of trial counsel ineffectiveness is procedurally defaulted, Petitioner contends that he has established cause to excuse default under Martinez because the Supplemental R&R erred in finding that trial counsel was not ineffective for failing to meet with Petitioner prior to trial to discuss strategy.  Specifically, Petitioner argues that: (1) Judge Hey reached an incorrect factual conclusion that trial counsel met with Petitioner at least twice before trial; (2) Judge Hey incorrectly concluded that, even assuming that trial counsel did not meet with Petitioner until Friday, July 25, 2008—the Friday before his Monday trial start date—such a late meeting did not constitute deficient performance; and (3) Judge Hey incorrectly found that no prejudice resulted from any trial counsel action/inaction, and improperly discredited Petitioner's testimony that he would have accepted the Commonwealth's plea offer if he understood that a conviction would result in a mandatory life sentence.

A. Whether Judge Hey Incorrectly Found that Trial Counsel Met with Petitioner Twice Before Trial

12. Petitioner's first objection asserts that the evidence presented at the evidentiary hearing contradicts Judge Hey's conclusion that trial counsel met with Petitioner on the Friday before the trial and on at least one other occasion.  Petitioner contends that (a) he testified at the evidentiary hearing that trial counsel never visited him in prison; (b) visitor logs from the Philadelphia Prison System and the Pennsylvania Department of Corrections corroborated that testimony; and (c) trial counsel herself had no specific memory of Plaintiff's case, but simply testified that her general practice was to visit clients in the prison and would not have proceeded to trial without several pre-trial meetings with her

4

clients.  Given this evidence, Petitioner now asserts that it was an abuse of discretion for Judge Hey to find that trial counsel met with Petitioner prior to July 25, 2008.

13. This factual determination has no relevance to the question at issue here.  The sole issue for resolution in the Supplemental R&R concerned Petitioner's representation that trial counsel informed him of the Commonwealth's plea bargain just hours prior to voir dire. See Jackson v. McGinley, No. 16-174, 2018 WL 3477573, at *6 (E.D. Pa. Jan. 9, 2018) (remanding "on the sole issue of the merits of Petitioner's claim that trial counsel was ineffective for failing to discuss a plea bargain with him until just prior to the start of trial).)  I held that if, after an evidentiary hearing, testimony established that trial counsel knew of the plea offer prior to that time and never told Petitioner about it, trial counsel could be deemed to have rendered a deficient performance.  Id. at *4.  Moreover, I determined that Petitioner had plausibly alleged prejudice in that the plea bargain allegedly offered fifteen to thirty years' imprisonment, and Petitioner ultimately received a life sentence after trial.  Id.

14. But following an evidentiary hearing on this issue, Judge Hey found that it was not "just hours" prior to voir dire when trial counsel communicated the plea deal.  Rather, she concluded that "the Commonwealth did not make the plea offer until July 24, and . . . counsel conveyed it to Petitioner the next day, in her meeting with Petitioner prior to the ex parte hearing."  (Supp. R&R 14.)  Judge Hey opined that "[i]n light of the July 25 transcript showing that counsel conveyed the offer the day after receiving it from the prosecutor, PCRA counsel had no basis to complain of counsel's ineffectiveness in this respect."  (Id.)

15. To the extent Judge Hey found that trial counsel had met with Petitioner to discuss trial strategy on at least one occasion prior to July 25th, that factual finding has no bearing on the issue before me.  Accordingly, I will overrule this objection.

B. <u>Whether Judge Hey Incorrectly Concluded that the Last Minute July 25, 2008 Meeting Did Not Constitute Ineffective Assistance</u>

16. Petitioner next contends that Judge Hey improperly concluded that, even assuming trial counsel did not meet with Petitioner until July 25, 2008, such a late meeting did not constitute ineffective assistance.  Petitioner posits that "because of the serious nature of the charge against him (first degree murder with a mandatory life sentence upon conviction) and because of his age and education level (he was then 21 years old, had only reached the 8th grade, and was assigned to special education classes . . . it was unreasonable for trial counsel to fail to meet with him until the Friday before a Monday trial date" to "discuss the evidence and defense strategy."  (Pet'r's Objections 3.)

17. Again, however, this objection attempts to expand the scope of the issue before me.  As noted above, I already approved and adopted the original R&R's recommendation that the claim of trial counsel ineffectiveness for failing to meet and discuss trial strategy with Petitioner was procedurally defaulted.  The sole issue on which the matter was remanded back to Judge Hey was whether trial counsel failed to communicate to Petitioner an earlier-offered plea deal until just hours prior to the start of trial.

18. In consideration of this issue, Judge Hey reviewed a transcript from an *ex parte* hearing held by the state trial judge on Friday, July 25, 2008, the same day that trial counsel met with Petitioner and communicated the plea offer.  In that transcript, Petitioner expressed to the trial court that he had just received an offer from the Commonwealth of fifteen to thirty years for third degree murder, he had considered that offer, and he rejected the offer and

wished to proceed to trial.  (Supp. R&R 16 (citing N.T. 7/25/08, at 10–11).)  Petitioner

further indicated that he was satisfied with his counsel's performance up to that point.  (Id.)

19. Based on this evidence, Judge Hey correctly concluded that, under the controlling case of

Missouri v. Frye, 566 U.S. 133, 145 (2012), counsel did not violate his constitutional duty

to timely and properly communicate a formal plea offer to Petitioner.  Indeed, she cogently

noted that "[w]hile Petitioner's situation is indeed compelling, as he had to make a difficult

decision under difficult circumstances, the Constitution does not guarantee him a specific

amount of time or a specific quality of attorney-client relationship in considering whether

to accept a plea offer."  (Supp. R&R 16.)

20. Petitioner cites no cases, and I find none, supporting the notion that communication of a

plea deal three days prior to the start of trial—particularly when the prosecution just

presented that plea deal—constitutes ineffective assistance of trial counsel.  As such, I will

overrule this objection as well.

C. Whether Judge Hey Incorrectly Concluded that Trial Counsel's Deficient Performance was
   Not Prejudicial

21. Petitioner's final objection challenges Judge Hey's conclusion that counsel's performance

was not prejudicial.  He notes that Judge Hey found Petitioner not credible when he

testified that he did not understand that a conviction would result in a mandatory life

sentence.  Petitioner asserts that because there was no contrary evidence to contradict his

testimony, it was an abuse of discretion for Judge Hey to reject it outright.

22. I find no merit to this objection on three grounds.  First, a district court "may not reject a

finding of fact by a magistrate judge without an evidentiary hearing, where the finding is

based on the credibility of a witness testifying before the magistrate judge."  Haas v.

Warden, SCI Somerset, 760 F. Supp. 2d 484, 487 (E.D. Pa. 2010) (quoting Hill v.

Beyer, 62 F.3d 474, 482 (3d Cir. 1995)).  "Our judicial system affords deference to the finder of fact who hears the live testimony of witnesses because of the opportunity to judge the credibility of those witnesses."  Hill, 62 F.3d at 482.

23. Second, contrary to Petitioner's argument, Judge Hey had ample basis for discrediting Petitioner's testimony that he did not realize he was facing a mandatory life sentence. Specifically, she noted that:

- "Regardless of whether counsel advised Petitioner to accept or reject the plea offer, it is implausible that counsel discussed the plea offer with Petitioner without discussing the penalty for a first-degree murder conviction, and illogical for petitioner to suggest that he did not know the penalty for first-degree murder would not be substantially more than the offer of 15-to-30 years' imprisonment contained in the plea offer for third-degree murder."  (Supp. R&R 18.)

- "Petitioner's testimony that he wanted to take the plea deal . . . but rejected it because his counsel advised him to go to trial in light of her confidence that she could 'beat my case,' . . . does not square with . . . [Petitioner's insistence] on proceeding with an alibi defense over counsel's express advice to the contrary."  (Id.)  Indeed, Petitioner testified that he really did not talk too much about the plea deal after he told trial counsel that he thought the alibi witness was his best option.  (Id. at 19.)

- "Petitioner has continuously asserted his innocence, as he conceded during the evidentiary hearing . . . Petitioner testified that he would have agreed with the facts underlying the conviction in the course of a guilty plea colloquy, but that the facts would not be true . . . Protestations of innocence are relevant to determine whether a petitioner would have plead guilty for purposes of establishing prejudice."  (Id. at 19 (citing Wheeler v. Rozum, 410 F. App'x 453, 458 (3d Cir. 2010)).

24. Given that Judge Hey set forth abundant reasons for her credibility determination, I have no basis on which to disturb her factual finding that Petitioner was not prejudiced by the timing of the plea deal disclosure.  I will therefore overrule this objection as well.

**WHEREFORE**, it is hereby **ORDERED** that:

1. Petitioner's Objections to the Supplemental Report and Recommendation are

   **OVERRULED**;

3. The Supplemental Report and Recommendation (Doc. No. 61) is **APPROVED AND**

   **ADOPTED**;

4. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

5. There is no basis for the issuance of a certificate of appealability.

6. The Clerk of Court shall mark this case **CLOSED**.


**BY THE COURT:**


_/s/ Mitchell S. Goldberg_ _____
**MITCHELL S. GOLDBERG,  J.**